UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20148-CIV-MOORE/SIMONTON

JOSE RIVERON BATISTA, et al.,

      Plaintiffs,

v.

CENTURY SURETY COMPANY,

      Defendant.

_____/

ORDER REGARDING PROCEDURE FOR
FILING CONFIDENTIAL DOCUMENTS UNDER SEAL

Presently pending before the Court is the parties' Joint Motion for Entry of Confidentiality Order (DE # 29).  All pretrial discovery matters are referred to the undersigned Magistrate Judge (DE # 5).  Based upon a review of the record as a whole and for the reasons stated herein, it is hereby ORDERED that the parties shall file confidential documents with this Court in accordance with the procedures set forth below.

On July 13, 2009, the parties filed the instant motion requesting the entry of a Confidentiality Order governing the production and use of documents containing confidential and proprietary information in connection with this litigation.  The parties attached a Joint Proposed Confidentiality Order that includes the following provision:

> For the convenience of the Clerk of the Court, any document or transcript designated as "Confidential Pursuant to Court Order" may, at the option of counsel for any party to this action, be held by counsel under the terms of this Order and not filed under seal with the Court until the time of trial of this action.  Any document or transcript designated as "Confidential pursuant to Court Order" which is filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties until further Order of this Court

(DE # 29, Ex. A at 3, ¶ 10).

Local Rule 5.4(A) states that the general policy of this Court is that, "[u]nless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."  The mere fact that the parties jointly desire certain matters to be sealed is insufficient cause to remove these matters from the public record of proceedings.  The party seeking to have a particular matter sealed shall establish good cause to do so.  This can be accomplished by demonstrating that the harm resulting from disclosure of the proposed sealed matter in proceedings before this Court outweighs the public interest in public proceedings. *See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001); *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353,1363 (N.D. Ga. 2002), *citing Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (noting that "even where no third party challenges a protective order, '[t]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).  He may not rubber stamp a stipulation to seal the record.' . . . Otherwise, 'the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.'").  Based upon a review of the record and for the reasons set forth above, it is hereby

**ORDERED** that, in the event that it is necessary to file any materials designated "Confidential," counsel seeking to file such materials shall consult with opposing counsel regarding the need to maintain the confidentiality of such materials, and shall include a certificate of such consultation with the sealed materials.  Any party that seeks to maintain the filing under seal shall file a Statement of Good Cause to Maintain

2

Confidentiality of Materials within ten days from the date of filing.  The Statement shall describe, with particularity,  the basis for maintaining the confidentiality of such materials, including the harm that will result from their public disclosure.  The parties are advised that the mere fact that the materials were produced pursuant to the terms of a Confidentiality Order, without more, does not constitute good cause to shield the documents from public disclosure.  Failure to file such a Statement or to establish good cause may result in the Court unsealing those documents.  This procedure does not apply to the filing of any discovery-related motion or exhibits thereto (i.e., a motion to compel production of documents), which may be filed with the Clerk of the Court under seal without the necessity to file a Statement of Good Cause to Maintain Confidentiality of Materials.  It is further

ORDERED that, on or before July 22, 2009, the parties shall re-file their Joint Proposed Confidentiality Order in accordance with CM/ECF Administrative Procedures, Section 3L(6), by submitting the final version of the document in WordPerfect or Word format to the CM/ECF inbox of the undersigned Magistrate Judge at "simonton@flsd.uscourts.gov," and the following sentence shall be added to the end of Paragraph 10 on Page 4: "Any document or transcript designated as 'Confidential Pursuant to Court Order' shall be filed with the Court in accordance with the Court's July 16, 2009 Order Regarding Procedures for Filing Confidential Documents Under Seal."

DONE AND ORDERED in chambers in Miami, Florida on July 16, 2009.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

3

**Copies furnished to:**
**The Honorable K. Michael Moore, United States District Judge**
**All counsel of record**